IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| v. | ) | |
| | ) | |
| $18,099.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a)(6) providing for the forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 28 U.S.C. § 1395(b).

3. The defendant is $18,099.00 in United States currency.

1

4. The defendant was seized in Harnett County, North Carolina. Custody of the defendant was transferred by the Fort Bragg Military Police to the Department of Homeland Security, Immigration Customs and Enforcement, Homeland Security Investigations ("HSI"), and the defendant is currently located in the Seized Asset Deposit Fund Account maintained by the United States Department of Treasury/Homeland Security, within the jurisdiction of this Court.

5. The potential claimants in this action are Miguel Hutchinson, Michael Hindley and Jeremy Tumbling.

6. The facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A, Declaration of Special Agent Christopher Brant of the Department of Homeland Security, Immigration Customs and Enforcement, Homeland Security Investigations ("HSI"), which is attached hereto and incorporated herein by reference. Such facts constitute probable cause for the seizure, arrest, and forfeiture of the defendant property and are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited.

7. The defendant is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(i), the plaintiff requests that the Clerk issue a warrant of arrest *in rem* for the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not

be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 21st day of November, 2024.

        MICHAEL F. EASLEY, JR.
        United States Attorney

        BY: /s/ Katherine A. King
            KATHERINE A. KING
        Assistant United States Attorney
        Attorney for Plaintiff
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: katie.king@usdoj.gov
        NC State Bar No. 44525

## VERIFICATION

I, Christopher E. Brant, Special Agent, Homeland Security Investigations, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture is based on reports and information provided by or furnished to me and, to the best of my information and belief, is true and correct.

This the <u>18th</u> day of <u>November</u>, 2024.

_____
Christopher Brant
Supervisory Special Agent
Homeland Security Investigations